**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| REGINALD SPENCE, | : |
|  | : Civil Action No. 06-4246 (JBS) |
| Petitioner, | : |
|  | : |
| v. | : **O P I N I O N** |
|  | : |
| CHARLES E. SAMUELS, | : |
|  | : |
| Respondent. | : |

**APPEARANCES:**

Reginald Spence, Pro Se
#14814-014
F.C.I. Fort Dix
P.O. Box 2000 (East)
Fort Dix, NJ 08640

Counsel for Respondent
Dorothy J. Donnelly
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**SIMANDLE**, District Judge

Petitioner Reginald Spence, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging the results of a prison disciplinary

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
    (a) Writs of habeas corpus may be granted by
    the ... district courts ... within their
    respective jurisdictions ...
    (c) The writ of habeas corpus shall not
    extend to a prisoner unless- ... (3) He is in
    custody in violation of the Constitution or
    laws or treaties of the United States ... .

proceeding.  The sole respondent is the Warden, Charles E. Samuels.[2]

For the reasons set forth below, the Petition will be denied.

## BACKGROUND

Petitioner was convicted and sentenced in federal court for drug violations.  He is currently serving his sentence and is housed at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.

On January 4, 2006, while incarcerated at FCI Schuylkill in Pennsylvania, a cell phone and charger were discovered in Petitioner's locker at the VA Hospital.  Four recently called numbers were recovered.  Two of those numbers matched numbers on Petitioner's approved telephone list.

On January 5, 2006, Petitioner was served with an Incident Report charging him with Possession of a Hazardous Tool (Cell Phone), in violation of Bureau of Prisons ("BOP") Code 108.  On January 6, 2006, an initial hearing was held before a Unit Disciplinary Committee ("UDC"), which referred the matter to a Disciplinary Hearing Officer ("DHO") for final disposition.

---

[2] This Petition was originally filed in the United States District Court, Middle District of Pennsylvania.  The Middle District transferred the Petition to this District Court by Order dated September 6, 2006, because this is the district in which Petitioner is incarcerated.  The case was filed in this District Court on September 11, 2006.

On January 30, 2006, the DHO hearing was held.  Petitioner waived the right to staff representation, and the DHO determined that Petitioner had committed the offense as charged.  The evidence relied on by the DHO included the Incident Report, various memoranda, and Petitioner's own statement.

Petitioner was sanctioned to loss of 54 days Good Conduct Time ("GCT"), 60 days disciplinary segregation, 108 days forfeiture of non-vested GCT, and one year loss of visiting and phone privileges.  Petitioner was given a copy of the hearing report on February 7, 2006.

Petitioner appealed to the Regional and Central Offices of the BOP.  Both offices denied his appeal and affirmed the DHO's decision and sanctions.

Petitioner filed this Petition on August 31, 2006 in the United States District Court for the Middle District of Pennsylvania.  He seeks restoration of his GCT.  He argues that he should have been allowed to cross-examine the witnesses who submitted memoranda.  He also argues that on January 30, 2006, the date of the DHO hearing, he filed a request for the production of documents to appeal to the Regional Office, which was not responded to, constituting a violation of the discovery rules.

**DISCUSSION**

**A.   Jurisdiction**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). As Petitioner challenges a disciplinary proceeding that resulted in the loss of good time credits, this Court properly may exercise jurisdiction over that claim.

**B.   Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Amongst other requirements, a petition must "specify all the grounds for relief" and must "state facts supporting each ground." See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404

U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.   The Petition Will Be Denied.**

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[3] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when

---

[3] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison. Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct. See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

6

permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. See id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member. See id. at 570.[4]

Finally, due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991). The Supreme Court has stated:

---

[4] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10, et seq. See, e.g., 28 C.F.R. § 541.14 (incident report and investigation); 28 C.F.R. § 541.16 (establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (procedures before the Discipline Hearing Officer).

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).

Petitioner argued at the DHO hearing that the cell phone was not his, but that it actually belonged to another inmate. Petitioner called two inmate witnesses who testified on his behalf and attempted to support his argument. Petitioner points out that the other inmate confessed that the cell phone belonged to him.

Despite Petitioner's efforts, the DHO found him guilty of the committing the charges. The DHO based his decision on the fact that the cell phone was found in Petitioner's locker and two of the recent calls on the cell phone matched numbers on Petitioner's approved telephone list. The DHO also found the officer witness' testimony credible.

Upon reviewing this case, this Court finds that Petitioner received advance notice of the charges, was offered a staff representative, and was permitted to make a statement in his defense. Petitioner called two inmate witnesses, who were permitted to testify, and whose testimony was taken into

8

consideration.  Petitioner argues that his rights were violated when he was not permitted to cross-examine the officer witnesses who submitted memoranda to the DHO concerning the incident. However, as this Court has noted, inmates do not have the right to cross-examine in disciplinary proceedings.  See Wolff, 418 U.S. at 569-70.  Petitioner also makes a vague document production argument, which this Court finds has no bearing on this habeas petition.[5]  Based upon a review of the disciplinary proceedings and the record provided by Respondent, this Court finds that there was clearly at least "some evidence" that Petitioner committed the offense, as the contraband was found in Petitioner's locker where he was detailed to work, and contained phone numbers associated with Petitioner.

Therefore, this Court finds Petitioner's claims are without merit.  Petitioner was afforded his due process rights, as he was given written notice of the charges against him, an opportunity to respond to those charges, and a hearing.  While Petitioner disagrees with the findings of the DHO, this Court finds no

---

[5] The DHO report states: "No procedural issues were cited, nor was any documentary evidence provided for consideration. Evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy.  The inmate was advised to make any formal request for documents to the Central Office."  Nothing in the record provided demonstrates that Petitioner made any requests for documents to the Central Office, or otherwise, in the course of these disciplinary proceedings.

‌
‌

constitutional violation in either the disciplinary process or the sanctions imposed.[6]

## CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate Order follows.

                                            **s/ Jerome B. Simandle**
                                            JEROME B. SIMANDLE
                                            United States District Judge

Dated: **April 12, 2007**

---

[6] Permissible sanctions are outlined in 28 C.F.R. § 541.13. Here, the sanctions were within the limits prescribed in this regulation.

10